**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (Cal. Bar No. 259178)
3111 Camino Del Rio North
Suite 400
San Diego, California 92108
+1 310-997-0471
nick@wajdalawgroup.com

*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC BOATWRIGHT,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>　　　　　　Defendant. | Case No. **'20CV2094 JAH MDD**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 *ET SEQ*.**<br><br>JURY TRIAL DEMANDED |

NOW COMES, ERIC BOATWRIGHT, through undersigned counsel, complaining of MIDLAND CREDIT MANAGEMENT, INC., as follows:

## NATURE OF THE ACTION

1. This action arises under the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

## PARTIES

4. ERIC BOATWRIGHT ("Plaintiff") is a natural person, over 18-years-of-age, who

1

at all times relevant resided in Zeeland, Michigan.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. MIDLAND CREDIT MANAGEMENT, INC. ("MCM" or "Defendant") is a corporation organized under the laws of Kansas.

8. MCM has its principal place of business at 350 Camino De La Reina, Suite 300, San Diego, California 92108.

9. MCM is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of MCM's business is the collection of debt.

10. MCM is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

11. MCM is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

11. Plaintiff, a number of years ago, obtained a personal credit card which was issued by Credit One Bank, N.A.

12. Plaintiff, due to unforeseen financial difficulties, was unable to stay current on his payments to Credit One Bank, N.A. and amassed an outstanding debt. ("subject debt").

13. Soon thereafter, Credit One Bank, N.A. placed the subject debt with MCM for collection.

14. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5) because it was incurred for personal, family, or household purposes.

15. On August 14, 2020 MCM sent Plaintiff a collection letter. ("the letter").

16. The letter depicted, pertinent part as follows:

> 08/14/2020
>
> Dear Eric,
>
> Congratulations! You have been pre-approved for a discount program designed to save you money on your Legal Collections account without any further legal action. We encourage you to take advantage of these generous options: pay TODAY at MidlandCredit.com or call (866) 300-8750 now.
>
> | Option 1: | 10% OFF | | You Pay Only |
> | Payment Due Date: | 09/13/2020 | | $997.95 |
>
> | Option 2: | 5% OFF | 11 Monthly Payments of Only |
> | First Payment Due Date: 09/13/2020 | | $95.76 |
>
> | Option 3: | Flexible Payment Options Available | Call Now |
> | Call today to discuss your options and get more details. |
>
> During times like these a *single* call can make a *big* difference. We want to resolve this debt without any further legal action—please call us at (866) 300-8750 now. You may also make a payment online at MidlandCredit.com

17. The letter proposed to resolve the subject for three separate payment options.

18. Specifically, the letter stated:

> "Dear Eric, Congratulations! You have been pre-approved for a discount program designed to save you money on your Legal Collection account without any further legal action. We encourage you to take advantage of these generous options; pay TODAY…"

19. The letter created a false sense of urgency to pay because it implied that the offer would expire on September 13, 2020.

20. However, MCM's offers to settle the subject debt was (1) perpetual and (2) extended to hundreds of similarly situated consumers, and thus was by no means something generous specific to Plaintiff and to "congratulate" Plaintiff on.

21. Specifically, the letter expressly stated that this was a celebratory situation and that plaintiff should take immediate action on these "generous" offers.

22. MCM deliberately designed the language contained in the Letter to create a false sense of urgency and pressure Plaintiff into making a prompt payment on the subject debt to avoid missing out on this "generous options" that were worth congratulating him on.

23. Concerned with having had his rights violated, Plaintiff sought counsel to ensure that MCM's unlawful collection practices stopped.

24. Accordingly, Plaintiff is forced to expend energy/time consulting with attorneys as direct result of MCM's unlawful collection practices.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.)

25. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Count I – Violations of Sections 1692e and e(10) of the FDCPA

26. Plaintiff restates and incorporates all paragraphs as if fully set forth herein.

27. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e.

28. Section 1692e(10) of the FDCPA prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collet any debt. 15 U.S.C. § 1692e(10).

29. The Letter violated 15 U.S.C. §§1692e and e(10) by falsely implying that the "generous options" that were worth "congratulating" Plaintiff were open for a limited amount of time when in reality it was open perpetually and was in no way unique to Plaintiff .

30. Specifically, the Letter was misleading because MCM's settlement offers were extended to hundreds of similarly situated consumers, and thus was by no means a "generous option" that was worth congratulating Plaintiff on. (emphasis added)

31. As a result of the language contained in the Collection Letter, Plaintiff was misled into believing that this opportunity was unique to him and will expire on September 13, 2020, thus creating a false sense of urgency to make payment in the offered amount before the offer expired.

32. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e and e(10) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of –

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that MCM violated 15 U.S.C. §1692e, e(10);

B. an award of any actual damages sustained by Plaintiff as a result of MCM's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with a reasonable attorney's fee as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demand a trial by jury of any and all issues in this action so triable of right.

DATED: October 26, 2020                                        Respectfully submitted,

ERIC BOATWRIGHT

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
3111 Camino Del Rio North
Suite 400
San Diego, California 92108
+1 310-997-0471
nick@wajdalawgroup.com